Jonathan P. LaCour, Esq. (SBN: 285098)
Lisa Noveck, Esq. (SBN: 316660)
Steven T. Gebelin, Esq. (SBN: 261507)
Jameson Evans, Esq. (SBN: 340954)
Amanda M. Thompson, Esq. (SBN: 347005)
**EMPLOYEES FIRST LABOR LAW P.C.**
1 S. Fair Oaks Ave., Suite 200
Pasadena, California 91105
Telephone: (310) 853-3461
Facsimile: (949) 743-5442
Email: jonathanl@pierrelacour.com
lisan@pierrelacour.com
steveng@pierrelacour.com
jamesone@pierrelacour.com
amandat@pierrelacour.com

Attorneys for Plaintiff, ROBERT NORIEGA
on behalf of himself and all others similarly situated

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT NORIEGA, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ELEMENTS MATERIALS TECHNOLOGY AEROSPACE US LLC, a Delaware Limited Liability Company, ELEMENT MATERIALS TECHNOLOGY HOLDING USA INC, a Delaware Corporation, ELEMENT MATERIALS TECHNOLOGY HUNTINGTON BEACH LLC, a North Carolina Limited Liability Company, ELEMENT MATERIALS | Case No. 2:25-cv-07089-GW-SK<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**1. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF LABOR CODE §§ 1194, 1194.2, 1197, WAGE ORDER NO. 5 OF THE IWC;**<br>**2. FAILURE TO FURNISH WAGE AND HOUR STATEMENTS (LABOR CODE §§ 226 AND 226.3);**<br>**3. FAILURE TO MAINTAIN PAYROLL RECORDS (LABOR CODE §§ 1174 AND 1174.5);**<br>**4. FAILURE TO PROVIDE MEAL AND REST PERIOD COMPENSATION (LABOR CODE § 226.7);**<br>**5. FAILURE TO PAY OVERTIME COMPENSATION (LABOR CODE §§ 512, 1194);** |

TECHNOLOGY LOS ANGELES LLC, a California Limited Liability Company, ROE 1, an individual, STEPHANIE HUNT, an individual, EDGAR CORTEZ, an individual, and DOES 1 through 20, inclusive,

Defendants.

6. **FAILURE TO PAY WAGES IN A TIMELY MANNER (LABOR CODE § 204);**
7. **WAITING TIME PENALTIES (LABOR CODE §§ 201, 202, AND 203); AND**
8. **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.***

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

# TABLE OF CONTENTS

COMPLAINT ........ 1
SUMMARY OF COMPLAINT ........ 1
JURISDICTION AND VENUE ........ 2
THE PARTIES ........ 3
Plaintiffs ........ 3
Defendants ........ 4
ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER ........ 6
FACTUAL ALLEGATIONS ........ 8
Class Claims ........ 8
CLASS ALLEGATIONS ........ 12
A. Definition of the CLASS PLAINTIFFS ........ 12
B. CLASS Definitions ........ 12
C. Class Action Requisites ........ 13
CAUSES OF ACTION ........ 16
FIRST CAUSE OF ACTION (Failure to Pay Minimum Wage) ........ 16
SECOND CAUSE OF ACTION (Wage & Hour Statements) ........ 17
THIRD CAUSE OF ACTION (Failure to Maintain Payroll Records) ........ 18
FOURTH CAUSE OF ACTION (Meal Periods & Rest Breaks) ........ 18
FIFTH CAUSE OF ACTION (Failure to Pay Overtime) ........ 20
SIXTH CAUSE OF ACTION (Failure to Pay Wages Timely) ........ 20
SEVENTH CAUSE OF ACTION (Waiting Time Penalties) ........ 21
EIGHTH CAUSE OF ACTION (Violation of BPC §17200) ........ 21
PRAYER FOR RELIEF ........ 23
DEMAND FOR JURY TRIAL ........ 25

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

# COMPLAINT

1. Plaintiff ROBERT NORIEGA, on behalf of all other persons similarly situated (collectively "Plaintiffs") file this First Amended Class Action Complaint against ELEMENT MATERIALS TECHNOLOGY AEROSPACE US LLC, a Delaware limited liability company, ELEMENT MATERIALS TECHNOLOGY HOLDINGS USA INC, a Delaware corporation, ELEMENT MATERIALS TECHNOLOGY HUNTINGTON BEACH LLC, a North Carolina limited liability corporation, ELEMENT MATERIALS TECHNOLOGY LOS ANGELES LLC, a California limited liability corporation, and DOES 1 through 20, inclusive, (collectively "Defendants") and in support thereof alleges as follows:

## SUMMARY OF COMPLAINT

2. Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, ELEMENT MATERIALS TECHNOLOGY AEROSPACE US LLC, owned and operated a corporation and availed itself of the rights and privileges of the State of California.

3. Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, ELEMENT MATERIALS TECHNOLOGY HOLDINGS USA INC, owned and operated a corporation and availed itself of the rights and privileges of the State of California.

4. Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, ELEMENT MATERIALS TECHNOLOGY HUNTINGTON BEACH LLC, owned and operated a corporation and availed itself of the rights and privileges of the State of California.

5. Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, ELEMENT MATERIALS TECHNOLOGY LOS ANGELES LLC, owned and operated a corporation and availed itself of the rights and privileges of the State of California.

6. Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, ROE 1, STEPHANIE HUNT, and EDGAR CORTEZ were Plaintiffs' managers, corporate agents, and/or supervisors.

7. Plaintiffs allege a representative wage and hour complaint against Defendants.

8. In actuality, Plaintiffs were forced to work overtime and off the clock hours without adequate compensation. Plaintiffs were also deprived of timely meal breaks. In essence, Defendants used inaccurate timesheets to circumvent California's Labor Code and secure more labor for less cost, at the expense of their employees such as Plaintiff.

## JURISDICTION AND VENUE

9. Jurisdiction. This case was originally filed by Plaintiff in the Los Angeles Superior Cout, where jurisdiction was appropriate under Code of Civil Procedure section 410.10. The action was subsequently removed to federal court by Defendants Element Materials Technology Aerospace US LLC, Element Materials Technology Holding USA Inc., Element Materials Technology Huntington Beach LLC, Element Materials Technology Los Angeles LLC pursuant to 28 U.S.C. § 1446, et seq. and 8 U.S.C. § 1332.

10. This action is brought pursuant to Code of Civil Procedure section 382, Civil Code section 1781, et seq., and Business and Professions Code § 17200 et seq. Further, the acts and omissions complained of occurred at the workplace owned and operated by Defendants. This Court is the proper court, and this action was properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain an office and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiffs in Los Angeles County. Plaintiffs are citizens of California. Defendants, from whom significant relief is sought and whose conduct forms the

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

basis for this suit, operate their business throughout this state and from within the County of Los Angeles. Plaintiffs, through this Complaint, seek to redress injuries and violations of California law.

11. Venue. Venue is proper in Los Angeles County because the acts complained of herein occurred in the County of Los Angeles and a large percentage, if not the majority, of Defendants' operations in this state are within the County of Los Angeles. Defendants own, maintain an office, transact business, have an agent or agents within the County of Los Angeles, or are otherwise found within the County of Los Angeles. Defendants are within the jurisdiction of this Court for purposes of service of process.

## THE PARTIES

**Plaintiffs**

12. Plaintiff, ROBERT NORIEGA (hereinafter referred to as "Mr. Noriega" or "Plaintiff") is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

13. Collectively, Mr. Noriega and all persons similarly situated to Mr. Noriega are referred to herein as "Plaintiffs." Mr. Noriega brings this action on behalf of himself and as a representative of all similarly situated persons pursuant to Cal. Civ. Code section 382. With respect to the Plaintiffs, each plaintiff:

a. was a resident of the State of California;
b. was employed by Defendants as a member of Defendants' CLASS PLAINTIFFS at Defendants' location within the four years preceding June 2025;
c. was not compensated the minimum wage for all hours worked and was forced to work hours off the clock;
d. was not provided with accurate itemized wage and hour statements pursuant to applicable Labor Code requirements;

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

e. was not provided compliant meal breaks pursuant to applicable Labor Code requirements;

f. was not provided compliant rest breaks pursuant to applicable Labor Code requirements;

g. was not compensated all wages earned and owed in a timely manner as required by the Labor Code; and

h. worked more than eight (8) hours in any given day and/or more than forty (40) hours in any given week, but was not paid overtime compensation pursuant to applicable Labor Code requirements.

**Defendants**

10. Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant ELEMENT MATERIALS TECHNOLOGY AEROSPACE US LLC (hereinafter referred to as "EMT Aerospace US") was and is a Delaware limited liability company doing business at 15062 Bolsa Chica Street, Huntington Beach, 92649, in the County of Orange, State of California.

11. Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant ELEMENT MATERIALS TECHNOLOGY HOLDINGS USA INC (hereinafter referred to as "EMT Holdings USA") was and is a Delaware corporation doing business at 9987 Carver Road, Suite 400, Cincinnati, in the County of Hamilton, State of Ohio.

12. Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant ELEMENT MATERIALS TECHNOLOGY HUNTINGTON BEACH LLC (hereinafter referred to as "EMT Huntington Beach") was and is a North Carolina limited liability company doing business at 15062 Bolsa Chica Street, Huntington Beach, 92649, in the County of Orange, State of California.

13. Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant ELEMENT MATERIALS TECHNOLOGY LOS

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

ANGELES LLC (hereinafter referred to as "EMT Los Angeles") was and is a California limited liability company doing business at 1857 Evergreen Street, Los Angeles, 91010, in the County of Los Angeles, State of California.

14. EMT Aerospace US, EMT Holdings USA, EMT Huntington Beach, and EMT Los Angeles are hereinafter referred to as "Entity Defendants." Rick, Ms. Hunt, and Mr. Cortez are hereinafter referred to as the "Managers."

15. The true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiffs at this time and therefore said defendants are sued by such fictitious names. The Entity Defendants and DOES 1-20, inclusive are referred to collectively as "Defendants/" Plaintiffs will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiffs. Plaintiffs are informed and believe, and based thereupon allege, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and are therefore liable to Plaintiffs as alleged hereinafter.

16. Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendants owned and operated a California business organization and availed themselves of the rights and privileges of the State of California.

17. Defendants were Plaintiffs' employers within the meaning of <u>Government Code</u> §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employs five (5) or more persons and is therefore subject to the jurisdiction of this Court.

18. Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them,

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

19. Plaintiffs are informed and believe, and based thereupon allege, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiffs are further informed and believe, and based thereupon allege, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiffs' harm.

20. Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

21. Plaintiffs are informed and believe, and based thereon allege, that there exists such a unity of interest and ownership between Defendants and DOES 1-20 that the individuality and separateness of Defendant has ceased to exist.

22. Plaintiffs are informed and believe, and based thereon allege, that despite the formation of purported corporate existence, Defendants and DOES 1-20 are, in reality, one and the same as Defendants, including, but not limited to because:

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

a. Defendants are completely dominated and controlled by DOES 1-20, who personally committed the frauds and violated the laws as set forth in this Complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b. DOES 1-20 derive actual and significant monetary benefits by and through Defendant's unlawful conduct, and by using Defendants as the funding source for their own personal expenditures.

c. Plaintiffs are informed and believe that Defendants and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d. Plaintiffs are informed and believe that Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e. Plaintiffs are informed and believe, and based thereon allege, that the business affairs of Defendants and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants are, and at all times relevant hereto was, used by DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and is, and was, the alter ego of DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiffs for violations of the *Labor* Code and other statutory violations. The corporate existence of Defendants and DOES 1-20 should be disregarded in equity and for the

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiffs herein.

23. Accordingly, Defendants constitute the alter ego of DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

24. In addition, Plaintiffs are informed and believe, and based thereon allege that Defendant and DOES 1-20 are Plaintiffs' joint employers by virtue of a joint enterprise, and that Plaintiffs were employees of each of them. Plaintiffs performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiffs as employees, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

25. In addition, Plaintiffs are informed and believe and, based thereupon allege, that as and between DOES 1-20 and Defendants: (1) there is an express or implied agreement of assumption pursuant to which DOES 1-20 agreed to be liable for the debts of Defendants, (2) the transaction between DOES 1-20 and Defendants amounts to a consolidation or merger of the two corporations, (3) DOES 1-20 is a mere continuation of Defendants, or (4) the transfer of assets to DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, DOES 1-20 are the successors of Defendants, and are liable on that basis.

## FACTUAL ALLEGATIONS

### Class Claims

26. Defendants owned and/or operated a California business organization in Los Angeles County. Plaintiffs were employed by Defendants as technical planners, bandsaw operators, machine operators, machinists, machine shop supervisors, test technicians, technicians, material handlers, quality administrators, metallurgists, invoicing specialists, collections specialists, disputes specialists, administrative liaisons, department managers, office managers, general laborers, payroll specialists,

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

IT, technical support, marketing/advertising/media, other non-exempt employees or misclassified exempt employees, and Defendants' representatives within Defendants' headquarters and regional locations.

27. Upon information and belief, Entity Defendants are joint employers with a unity in interest and ownership. Each of these listed corporate entitles share the same registered agent, Koy Saechao. Moreover, Defendants EMT Aerospace US and EMT Huntington Beach share identical principal and mailing addresses: 15062 Bolsa Chica Street, Huntington Beach, 92649, in the County of Orange, State of California; and filed their corporate statuses with the California Secretary of State one (1) day apart: July 12, 2018, and July 13, 2018, respectively.

28. Plaintiffs have worked for Defendants as Non-Exempt or Misclassified Exempt Employees at Defendants within the four years preceding the date of the original complaint (June 25, 2025), bring this class action to recover wages, damages, penalties, attorneys' fees, litigation expenses, and costs of court under the provisions of the *Labor Code* sections 201, 202, 203, 204, 210, 221, 226, 226.7, 226.8, 510, 512, 515, 558, 558.1, 1102.5, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2, 1197, 1198, 1199, 2802, provisions of the Industrial Welfare Commission ("IWC") Order No. 5-2001, and the *California Business and Professional Code* section 17200 et seq.

29. Within the time period of four years preceding the date of the original complaint (the "Relevant Time Period"), Plaintiffs were not provided compliant meal and rest breaks as statutorily mandated, were forced to work through statutorily mandated meal and rest breaks without pay, were not paid legally mandated minimum, overtime and waiting time wages, did not receive accurate itemized wage statements, were not paid all wages earned and owed in a timely manner, and were, in some cases, wrongfully terminated.

30. During the Relevant Time Period, Plaintiffs are and/or have been non-exempt employees within the meaning of the *Labor Code*, and the implementing

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

regulations of the IWC Wage Orders.

31. Defendants are or were the employer of all Plaintiffs during the Relevant Time Period. Defendants "employ(ed)" all Plaintiffs pursuant to the definition of "employ" within IWC Wage Order 5.

32. During the Relevant Time Period, Defendants exercised control over the wages, hours, and working conditions of Plaintiffs; suffered or permitted Plaintiffs to work and created a common law employment relationship with Plaintiffs.

33. Plaintiffs performed non-exempt duties for Defendants.

34. During the Relevant Time Period, Defendants failed and refused to pay Plaintiffs the total amount of wages that Plaintiffs, through their employment and labor, earned working for Defendants. Defendants' timekeeping policies and/or practices resulted in Plaintiffs not being compensated for all hours actually worked. During Plaintiffs' employment with Defendants, Defendants' policies/practices were to only compensate Plaintiffs for eight (8) hours each workday, despite Plaintiffs regularly working shifts greater than eight (8) hours in length. In addition, Plaintiffs were routinely forced to work off the clock without any compensation due to Defendants' requirement that Plaintiffs perform work either prior to clocking in or to perform work after clocking out for the day.

35. For the entirety of Plaintiffs' employment with Defendants, Defendants consistently failed to provide Plaintiffs with timely, accurate, and itemized wage and hour statements, in writing, showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked by them at each hourly rate in and among other information, as required by California wage-and-hour laws.

36. For the entirety of Plaintiffs' employment, Defendants' meal period policies/practices failed to provide Plaintiffs with all legally compliant meal periods

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

because Defendants failed to provide Plaintiffs with timely, duty-free, and uninterrupted 30-minute meal periods commencing before the end of the fifth hour of work.

37. For the entirety of Plaintiffs' employment, Plaintiffs were not authorized and permitted to take all required and legally-compliant rest periods due to Defendants' rest period policies/practices, which failed to authorize and permit a net 10-minute off-duty rest period for every four hours worked. On those occasions when Plaintiffs were not authorized and permitted to take all legally-required and compliant rest periods to which they were entitled, Defendants further failed to compensate Plaintiffs with the required rest period premium for each workday in which they were experienced a rest period violation as mandated by Labor Code § 226.7.

38. Further, Defendants have failed to pay all earned wages owed to Plaintiffs for the noncompliant and/or missed meal and rest periods under *Labor Code* section 226.7(b) and Wage Order 5. Plaintiffs were and are entitled to an hour of pay at their regular rate for each day with a meal period violation and an additional hour of pay for each day with a rest period violation. Plaintiffs have not received that payment.

39. For the entirety of Plaintiffs' employment with Defendants, Defendants routinely required Plaintiffs to work more than eight hours per day and 40 hours per week. Plaintiffs did not receive accurate compensation for straight, regular time pay, and overtime pay.

40. For the entirety of Plaintiffs' employment with Defendants, Defendants failed to maintain complete and accurate payroll records showing Plaintiffs' daily hours worked or wages earned.

41. Defendants failed to pay all wages due and owed to Plaintiffs at the time of their termination or within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws in violation of *Labor Code* sections 201-203. Plaintiffs who are no longer employed by Defendants are entitled to penalties pursuant

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

to *Labor Code* section 203, in the amount of each person's daily wage multiplied by the number of days since the termination, up to thirty days.

42. As set forth above, and throughout this Complaint, Defendants engaged in various acts of unfair competition and unlawful and unfair business practices as defined in the *Unfair Competition Law* embodied in *Business and Professions Code* section 17200, *et seq*.

43. Pursuant to the *Labor Code*, California law and applicable Wage Orders, Plaintiffs are entitled to all unpaid wages, damages, penalties, interest and attorney's fees and costs for the illegal and wrongful acts and omissions of Defendants, all as alleged throughout this Complaint.

## CLASS ALLEGATIONS

### A. Definition of the CLASS PLAINTIFFS

44. The CLASS consists of: all persons who were employed by Defendants, within the Relevant Time Period as a member of Defendants' CLASS PLAINTIFFS or with any similar title who were non-exempt or misclassified exempt employees and are owed unpaid minimum wages, unpaid overtime wages, penalties for noncompliant and/or missed meal and rest breaks, were provided inaccurate wage statements, and were not timely paid during and/or following their employment with Defendants.

### B. CLASS Definitions

45. Mr. Noriega brings this action on behalf of CLASS PLAINTIFFS pursuant to § 382 of the Code of Civil Procedure (hereinafter, collectively referred to as "CLASS"):

a. The Overtime Class consists of all of Defendants' current and former non-exempt employees in California who worked over 8.0 hours in a workday and/or over 40 hours in a workweek and were subject to Defendants' timekeeping policies/practices, during the Relevant Time Period.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

b. The Minimum Wage Class consists of all of Defendants' current and former non-exempt employees in California who were subject to Defendants' timekeeping policies/practices, and/or employees forced to work off-the-clock without compensation, during the Relevant Time Period.

c. The Meal Period Class consists of all of Defendants' current and former non-exempt employees in California who worked at least one shift in excess of 5.0 hours, during the Relevant Time Period.

d. The Rest Period Class consists of all Defendants' current and former non-exempt employees in California who worked at least one shift in excess of 3.5 hours, during the Relevant Time Period.

e. The Wage Statement Class consists of all members of the Overtime Class, Double Overtime Class, Minimum Wage Class, Meal Period Class, and/or Rest Period Class who were employed by Defendants during the Relevant Time Period.

f. The Waiting Time Class consists of all members of the Overtime Class, Double Overtime Class, Minimum Wage Class, Meal Period Class, and/or Rest Period Class, who were employed with Defendants during the Relevant Time Period.

## C. Class Action Requisites

46. **Numerosity/Ascertainability**. Plaintiffs bring this action pursuant to *Code of Civil Procedure* section 382 for violations of California's wage and hour laws, on behalf of themselves and all other similarly situated CLASS PLAINTIFFS, who worked for Defendants in the four years preceding this Complaint at Defendants' location in Los Angeles County. Plaintiffs are any current or former CLASS PLAINTIFFS, or current or former employees with any similar title, who were non-exempt or misclassified exempt employees and are owed wages and/or penalties for

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

noncompliant and/or missed meal and rest breaks, unpaid overtime compensation, and/or were provided inaccurate wage statements.

47. **Predominance of Common Questions.** Predominant common questions of law and fact exist as to Class Members that include, without limitation, the following:

a. Whether Defendants implemented and engaged in a systematic practice of failing to compensate CLASS PLAINTIFFS for all hours worked, including a practice of forcing Plaintiffs to work off the clock;

b. Whether Defendants implemented and engaged in a systematic practice whereby they unlawfully failed to provide CLASS PLAINTIFFS with compliant meal periods;

c. Whether Defendants implemented and engaged in a systematic practice whereby they unlawfully failed to provide CLASS PLAINTIFFS with compliant rest periods;

d. Whether Defendants implemented and engaged in a systematic practice whereby they unlawfully failed to provide CLASS PLAINTIFFS with overtime compensation for all hours worked over 8 hours in one day or over 40 hours in one week;

e. Whether Defendants have willfully failed to pay CLASS PLAINTIFFS at the time of termination of employment all earned wages owed;

f. Whether the systematic acts and practices of Defendants as alleged herein violated applicable provisions of the Labor Code, as well as the applicable Wage Orders;

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

g. Whether Defendants engaged in unfair business practices in violation of the Business and Professions Code, including Business and Professions Code sections 17200, et seq.

48. Common questions of law and fact predominate over questions that affect only individual members of the CLASS PLAINTIFFS. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, including but not limited to Defendants' failure to implement lawful meal and rest period policies, failure to provide accurate wage statements and/or failure to pay all final wages. As such, the common questions predominate over individual questions concerning each individual class member's showing as to their eligibility for recovery or as to the amount of their damages.

49. All Plaintiffs shared common job duties and responsibilities. Thus, all of Plaintiffs' experiences and claims are typical of the experiences and claims of Defendants' other employees who worked at any of Defendants' locations.

50. The potential members of the CLASS are sufficiently numerous that joinder of all members would be unfeasible and impracticable. The disposition of the claims through this class action will benefit both the parties and the Court. The exact number of members is unknown to Plaintiffs at this time. The number and identity of the proposed CLASS PLAINTIFFS are readily ascertainable through inspection of Defendants' records.

51. **Adequacy of Representation.** The claims of Mr. Noriega are typical of the claims of the CLASS PLAINTIFFS because Mr. Noriega was employed by Defendants as a non-exempt employee in California during the Relevant Time Period. Mr. Noriega will fairly and adequately represent and protect the interests of the members of the CLASS. Plaintiffs have retained and are represented by counsel competent and experienced in complex multi-party litigation, including wage and hour

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

class actions.

52. **Manageability**. Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action, and the class action method will confer substantial benefits to Plaintiffs, members of the CLASS and this Court.

53. **Superiority**. The questions of law and fact common to Plaintiffs predominate over questions affecting the individual class members such that the nature of this action and the nature of laws available to Plaintiffs make use of the class action format the superior and appropriate procedure to afford relief for the wrongs alleged.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FOR FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF *LABOR CODE* §§ 1194, 1194.2, 1197, WAGE ORDER NO. 5 OF THE IWC BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS

54. CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with this cause of action.

55. Pursuant to *Labor Code* §§ 1194, 1194.2, and 1197, it is unlawful for an employer to suffer or permit a California employee to work without paying wages at the proper minimum wage for all time worked as required by the applicable IWC Wage Order No. 5, codified at California Code of Regulations, title 8, section 11160, subdivision 4.

56. Pursuant to IWC Wage Order No. 5 at all times material hereto, "hours worked" included "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

57. During the liability period, Plaintiffs suffered, were permitted and were required, to perform work "off-the-clock," for which they received no pay, including work before, during and after their shifts and work during unpaid rest periods.

58. During the liability period, under the provisions of IWC Wage Order No. 5, Plaintiffs should have received not less than the minimum wage in a sum according to proof for the time worked, but not compensated.

59. For all time that Plaintiffs worked and received no pay, they are entitled to not less than the California minimum wage and, pursuant to *Labor Code* section 1194.2, subdivision (a), liquidated damages in an amount equal to the unpaid minimum wages and interest thereon. Pursuant to *Labor Code* section 1194, Plaintiffs are also entitled to their attorneys' fees, costs and interest according to proof.

**SECOND CAUSE OF ACTION**

**FOR FAILURE TO FURNISH WAGE AND HOUR STATEMENTS**

**(*LABOR CODE* §§ 226 AND 226.3)**

**BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS**

60. CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with this cause of action.

61. Defendants failed to provide Plaintiffs with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate.

62. Defendants are liable for statutory penalties and civil penalties pursuant to *Labor Code* §§ 226, 226.3, and 558 and the other applicable laws and regulations.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

**THIRD CAUSE OF ACTION**

**FOR FAILURE TO MAINTAIN ACCURATE PAYROLL RECORDS**

**(LABOR CODE §§ 226, 1174 AND 1174.5)**

**BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS**

63. CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with this cause of action.

64. Defendants failed to maintain complete and accurate payroll records for Plaintiffs, showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked by Plaintiffs at each hourly rate, and Defendants are therefore not able to furnish to the commission said documents and/or information.

65. Defendants are liable for statutory and civil penalties pursuant to Labor Code §§ 1174.5, 558 and other applicable laws and regulations.

**FOURTH CAUSE OF ACTION**

**FOR FAILURE TO PAY MEAL AND REST PERIOD COMPENSATION**

**(*LABOR CODE* § 226.7)**

**BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS**

66. CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with this cause of action.

67. Plaintiffs regularly worked shifts greater than five (5) hours. Pursuant to *Labor Code* § 512 an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30)

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

minutes.

68. Plaintiffs also regularly worked shifts greater than ten (10) hours. Pursuant to *Labor Code* § 512, an employer may not employ someone for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.

69. Defendants failed to provide Plaintiffs with meal periods as required under the *Labor Code*. As discussed above, Plaintiffs were required to work through their alleged meal periods, without pay, all in violation of *Labor Code* and applicable Wage Orders. Moreover, Defendants failed to compensate Plaintiffs for each meal period not provided or inadequately provided, as required under *Labor Code* § 226.7.

70. Therefore, pursuant to *Labor Code* § 226.7, Plaintiffs are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay, but not less than the applicable minimum wage, for each meal period not provided or deficiently provided, a sum to be proven at trial.

71. Plaintiffs consistently worked consecutive four (4) hour shifts. Pursuant to the *Labor Code* and the applicable IWC Wage Order, Plaintiffs were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

72. Defendants failed to provide Plaintiffs with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

73. Moreover, Defendants did not compensate Plaintiffs with an additional hour of pay at their effective hourly rate, but not less than the applicable minimum wage, for each day that Defendants failed to provide adequate rest breaks as required under *Labor Code* § 226.7.

74. Therefore, pursuant to *Labor Code* § 226.7, Plaintiffs are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay, but not less than the applicable minimum wage, for each day worked without the required rest breaks, a sum to be proven at trial.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

75. Per *Betancourt v. OS Restaurant Services*, Plaintiffs plead for reasonable attorneys' fees and costs recoverable under *Labor Code* §§ 218.5 and 226.

**FIFTH CAUSE OF ACTION**

**FOR FAILURE TO PAY OVERTIME COMPENSATION**

**(*LABOR CODE* §§ 510 AND 1194)**

**BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS**

76. CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with this cause of action.

77. Defendants routinely required Plaintiffs to work more than eight hours per day. Defendants also routinely required Plaintiff to work more than forty hours per week. Defendants failed and refused to pay Plaintiffs the overtime compensation required by the *Labor Code* and other applicable laws and regulations.

78. Plaintiffs have been deprived of their rightfully earned and legally required overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiffs are entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

79. Based on Defendants' conduct as alleged herein, Defendants are liable for civil penalties pursuant to *Labor Code* § 558 and other applicable provisions of the *Labor Code* and other applicable laws and regulations.

**SIXTH CAUSE OF ACTION**

**FOR FAILURE TO PAY WAGES IN A TIMELY MANNER**

**(*LABOR CODE* §§ 204 ET SEQ. AND 206 ET SEQ.)**

**BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS**

80. CLASS PLAINTIFFS incorporate by reference and reallege all of the

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

preceding paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with this cause of action.

81. During Plaintiffs' putative employment, Defendants routinely failed, without justification, and refused to provide Plaintiffs with timely wages or pay as required *Labor Code* § 204, *et seq.* and other applicable laws and regulations.

82. As a direct and proximate result of Defendants' failure and refusal to pay Plaintiffs timely, Plaintiffs are entitled to recover such amounts, plus interest thereon, attorney's fees and costs, including treble damages pursuant to *Labor Code* § 206, *et seq*.

83. Based on Defendants' conduct as alleged herein, Defendants are liable for up to 30 days of pay for a waiting time penalty, statutory penalties, and civil penalties pursuant to the *Labor Code* and other applicable laws and regulations.

## SEVENTH CAUSE OF ACTION
## FOR WAITING TIME PENALTIES
## (*LABOR CODE* §§ 201 THROUGH 203)
## BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS

84. CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with this cause of action.

85. Defendants willfully failed to pay Plaintiffs accrued wages and other compensation due to them at the time of their respective pre-scheduled terminations or within seventy-two (72) hours of their respective resignations.

86. Defendants are liable for statutory and civil waiting time penalties of up to 30 days of pay pursuant to *Labor Code* §§ 201, 202, 203 and other applicable laws and regulations.

## EIGHTH CAUSE OF ACTION

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

**FOR UNFAIR COMPETITION**

**(BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.)**

**BY ALL PLAINTIFFS AGAINST ENTITY DEFENDANTS AND ALL DOE DEFENDANTS**

87. CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with this cause of action.

88. Plaintiff, on behalf of himself, the CLASS, and the general public, brings this claim pursuant to *Business & Professions Code* § 17200, *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to the CLASS and the general public. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of valid California law and specifically *Code of Civil Procedure* § 1021.5.

89. Plaintiffs are a "person(s)" within the meaning of *Business & Professions Code* § 17204, have suffered injury, and therefore have standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

90. *Business & Professions Code* § 17200, *et seq*. prohibits unlawful and unfair business practices.

91. Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, and providing them with meal periods, rest breaks, timely pay both during and after the termination of their employment, and accurate and itemized wage statements are fundamental public policies of California. *Labor Code* § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

failing to comply with minimum labor standards.

92. Defendants violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants acted contrary to these public policies, violated specific provisions of the *Labor Code*, and have engaged in other unlawful and unfair business practices in violation of *Business & Professions Code* § 17200, *et seq.* Defendants' conduct in this regard has deprived Plaintiffs of the rights, benefits, and privileges guaranteed to all employees under the law.

93. Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the *Business & Professions Code* § 17200, *et seq*.

94. Defendants, by engaging in the conduct herein alleged either knew or in the exercise of reasonable care should have known that their conduct was unlawful, and as such this conduct violates *Business & Professions Code* § 17200, *et seq*.

95. As a proximate result of the above-mentioned acts of Defendants, Plaintiffs have been damaged, in a sum to be proven at trial.

96. Unless restrained by this Court, Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the *Business & Professions Code*, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the *Business & Professions Code*, including but not limited to the disgorgement of such profits as may be necessary to restore Plaintiffs to the money Defendants have unlawfully failed to pay.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs hereby pray that the Court enter judgment in their favor and against Defendants, and each of them, in the amount no less than $1,000,000.00, as follows:

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

1. For payment of earned wages, meal and rest period compensation, waiting time compensation, and other damages according to proof in an amount to be ascertained at trial, and in excess of the jurisdictional limit of this court; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2. For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts;

3. For payment of all statutory obligations and penalties as required by law;

4. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

5. For a declaratory judgment reaffirming Plaintiffs' equal standing under the law and condemning Defendants' discriminatory practices;

6. For costs of suit, attorneys' fees, and expert witness fees;

7. For post-judgment interest; and

8. For any other relief that is just and proper.

DATED: August 26, 2025

**EMPLOYEES FIRST LABOR LAW**

By: ______________________

Jonathan P. LaCour, Esq.
Lisa Noveck, Esq.
Steven T. Gebelin, Esq.
Jameson Evans, Esq.
Amanda M. Thompson, Esq.
Attorneys for Plaintiff,
Robert Noriega and putative class members

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial of all issues by jury.

DATED: August 26, 2025

EMPLOYEES FIRST LABOR LAW

By: ______________________

Jonathan P. LaCour, Esq.
Lisa Noveck, Esq.
Steven T. Gebelin, Esq.
Jameson Evans, Esq.
Amanda M. Thompson, Esq.
Attorneys for Plaintiff,
Robert Noriega and putative class members